OMAHA LOAN & BUILDING ASSOCIATION ET AL., APPELLANTS,
v. HORATIO K. HENDEE ET AL., APPELLEES.

FILED JUNE 4, 1908, No. 15,352.

1. **Appeal: LAW OF CASE.** Ordinarily this court will not reexamine questions of law presented. by and determined upon a former appeal, where the case was then remanded, with specific directions to the lower court.

2. **Costs.** Where upon showing made this court grants additional time to appellants to serve and file briefs, attorney fees for the adverse party occasioned thereby will not be taxed against appellants as costs upon motion afterwards filed.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*H. P. Leavitt,* for appellants.

*McDonald & Woodland, contra.*

EPPERSON, C.

This action was brought for the foreclosure of a mortgage by the Omaha Loan & Building Association. Its decree of foreclosure was assigned to Lobingier. He purchased the property at the judicial sale, and later assigned his bid to Ida M. Cronk. She also acquired the fee title by mesne conveyance from the legal owner. The Hendees claim under an agreement with the interested parties whereby they were to receive a deed to the premises upon the payment of the decree, and claim that the sale was made in violation of this agreement. The Hendees appealed from an order confirming the sale. Upon a hearing of said cause, this court reversed the judgment of the lower court and remanded the case, with instructions for the lower court to take an accounting of the amount due upon the decree, and that the Hendees be permitted to redeem within 60 days. In accordance with the mandate

the lower court took an accounting, finding that there was due upon said decree from the Hendees the sum of $963.40, upon the payment of which Mrs. Cronk was required to execute her deed conveying the premises to the Hendees, and that upon default of said deed the clerk of the court should execute and deliver a proper deed conveying to the Hendees the interest of said Ida M. Cronk in and to said premises. From this order of the court the plaintiff and Lobingier have appealed.

It is contended that the court had no jurisdiction over the matter urged by the Hendees in opposing the confirmation, and that no right to redemption founded upon the contract alleged by the Hendees can be urged in this case. By this contention the appellants directly assail the former decision of this court, in which it was held that such right existed. Specific directions were given by this court, which were followed by the lower court. Ordinarily, in such cases this court will not reexamine the questions of law presented by and decided upon the first appeal. *City of Hastings v. Foxworthy,* 45 Neb. 676. The case at bar does not fall within the more liberal rule which controls the second or any subsequent appeal of a case remanded generally for a new trial upon a former appeal. No extraordinary reasons are presented for the overruling of our former opinion. It has become the law of the case.

It is contended that the court erred in directing Ida M. Cronk to execute a deed to the Hendees upon the payment by them of the amount necessary to redeem. We are not satisfied that the appellants can complain of this order; but, if they are entitled to do so, no doubt can exist but that by redemption the Hendees are in equity vested with the title which they would have received upon the performance of their contract with the original parties to the action, who are Ida M. Cronk's grantors. A compliance with the court's order would but furnish written evidence of the title as it would exist upon redemption. Again, it is not absolutely necessary that Ida M. Cronk

comply with this order of the court. Other provisions of the decree are sufficient to bring about its full execution.

It is unnecessary to comment upon or review appellants' objections to the computation. We have examined the same, and find no error therein.

This cause was regularly reached and placed upon the trial calendar for the session of March 17, 1908, at which time appellants had not filed their briefs. They then asked for additional time to serve and file briefs. This request was granted. The appellees now ask that a reasonable attorney's fee be assessed as costs against appellants for the attendance of counsel at the March session. Appellants have shown a good reason for their delay, which was satisfactory to the court when the additional time was given. The record does not disclose that appellees requested any conditions to the granting of additional time when the order therefor was made. The delay was not malicious or vexatious, nor has it interfered with the due administration of justice. We recommend that the motion be overruled.

DUFFIE and GOOD, CC., concur.

. By the Court: For the reason stated in the foregoing opinion, the judgment of the lower court is affirmed, and the appellees' motion that an attorney's fee be taxed as costs is overruled.

AFFIRMED.